ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Jun-04  13:59:31
60CV-24-4496
C06D17 : 12 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

WILLIAM RICE,

    Plaintiff,

v.                                                                     NO. _____

                                                                JURY DEMANDED

CUMBERLAND STREET OPERATING LLC d/b/a THE
BLOSSOMS AT CUMBERLAND REHAB & NURSING
CENTER;

    Defendant.

## COMPLAINT FOR MEDICAL MALPRACTICE AND DAMAGES

Plaintiff William Rice sues Cumberland Street Operating LLC d/b/a The Blossoms at Cumberland Rehab & Nursing Center.  For cause of action, Plaintiff states:

### I.

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff William Rice ("Mr. Rice") is an adult resident of the State of Arkansas.

2.    Defendant Cumberland Street Operating LLC is a limited liability company doing business in Little Rock, Pulaski County, Arkansas, as The Blossoms at Cumberland Rehab & Nursing Center.  Cumberland Street Operating LLC's principal address is 1516 Cumberland Street, Little Rock, Arkansas 72202, and it may be served through its registered agent VCORP Agent Services, Inc. at 320 S. Izard Street Little Rock, Arkansas, 72201.  Upon information and belief, Defendant Cumberland Street Operating LLC owns, controls, oversees, administers, operates, manages, and/or does business as The Blossoms at Cumberland Rehab & Nursing Center ("The Blossoms"), a nursing home and care facility located at 1516 Cumberland Street, Little

Rock, Arkansas 72202. Defendant Cumberland Street Operating LLC has principals, owners, shareholders, members, managers, employees, nurses, aides, orderlies, physicians, medical directors, nurse practitioners, servants, agents and/or contractors who perform professional medical and/or clinical services within the scope of their employment, apparent authority, agency, or contract to act for and on its behalf. Defendant Cumberland Street Operating LLC is legally responsible and vicariously liable for the medical negligence and common law negligence of said persons under the doctrine of *respondeat superior*, apparent agency, actual agency, implied agency, and express agency.

3. The acts and omissions giving rise to this lawsuit occurred in Pulaski County, Arkansas, at the nursing facility located at 1516 Cumberland Street, Little Rock, Arkansas 72202.

4. This lawsuit is timely filed pursuant to applicable Arkansas law. Ark. Code Ann. § 16-114-203(a).

## II.

## FACTS

5. On May 27, 2022, Mr. Rice was re-admitted to The Blossoms.

6. On admission, no skin breakdown was noted to Mr. Rice's buttocks or sacrum.

7. Due to his incontinence and his status as total care requiring assistance with all activities of daily living, Mr. Rice was at risk of skin breakdown. In particular, Mr. Rice needed assistance with turning and repositioning because his extremities were impaired and severely weak.

8. On June 2, 2022, Mr. Rice was assessed for his nutritional status, and it was noted that his meal intake was usually 50% and that he was not getting enough nutrition.

9. On June 7, 2022, Mr. Rice's skin was still intact, but there was no indication in his chart that a turning and repositioning system or schedule was in place.

10. On June 15, 2022, the staff discovered that Mr. Rice had developed a Stage II pressure injury to his right gluteal fold measuring 2 x 1.5 x 0.1 cm. When she discovered the wound, Kimberly Poe, LPN, noted that Mr. Rice could not change positions without staff assistance, and she documented that she informed the CNA "on the importance of keeping the resident skin clean and dry. Changing positions every two hours and as needed." Ms. Poe documented that several interventions were in place, such as a pressure mattress, specific T&R program, and positioning devices, but none of these had been documented previously.

11. On June 17, 2022, Mr. Rice had a ruptured blister to his right heel, measuring 5 x 4 cm.

12. On June 23, 2022, it was noted that Mr. Rice had Stage II pressure injuries to his right heel and right gluteal fold, as a part of the weekly dietary review.

13. From June 24 to July 12, 2022, there are no progress notes in the chart provided by The Blossoms.

14. On July 1, 2022, it is noted that Mr. Rice had skin breakdown, but no descriptions or locations were provided.

15. On July 6, 2022, Mr. Rice's wounds were finally evaluated again. His Stage II right heel wound measured 1.8 x 2.5 x .1 cm. His Stage II right gluteal fold pressure injury measured 2.5 x 4 cm.

16. On July 8, 2022, it is noted that Mr. Rice had skin breakdown, but no descriptions or locations were provided.

17. On July 13, 2022, Mr. Rice was evaluated by wound care. His right heel wound measured 1.8 x 2.5 x .1 cm. His right gluteal fold wound measured 3.5 x 3 cm and was now unstageable.

18. On July 14, 2022, Mr. Rice's daughter requested that he be sent to the hospital due to pain.

19. Mr. Rice was transferred to Baptist Health Medical Center ("Baptist"), and, when he arrived, he complained of pain all over and wounds all over his buttocks and lower back.

20. The emergency room physician noted that Mr. Rice, in addition to his right gluteal fold wound, had an unstageable sacral injury and stabbing pain. Mr. Rice's white blood cell count was 18,000, and he was started on IV antibiotics due to his pressure injuries looking infected.

21. On July 15, 2022, Mr. Rice was seen by wound care, and he had multiple areas of skin breakdown including two that had not been documented or assessed at The Blossom: (1) the unstageable right ischium pressure injury, measuring 2.5 x 4 cm with brown slough; (2) the Stage II right heel pressure injury, measuring 2 x 3 cm; (3) a left lateral 5th metatarsal wound, measuring 1.5 x 1.5 cm; and (4) a coccyx/sacrum pressure injury.

22. Mr. Rice weighed merely 116 pounds even though he had weighed 158 pounds on March 1, 2022, and 139 pounds on May 27, 2022.

23. On July 18, 2022, Mr. Rice's daughter expressed concerns about Mr. Rice returning to The Blossoms, but she was told that he would have to go back there.

24. Mr. Rice returned to The Blossoms on July 18, 2022. While there were two re-admission assessments performed, neither mentioned the heel or ischium wounds.

25. On July 20, 2022, Ralonda Greer, NP assessed Mr. Rice's wounds, noting a 2.5 x 3.7 cm right ischium/gluteal fold unstageable pressure injury and a Stage II pressure injury to the

right heel, measuring 3 x 4 cm with several open areas. There is no mention of the other wounds that were assessed at Baptist.

26. Two other nurses saw Mr. Rice on July 20, 2022, and did not note any pressure injuries.

27. From July 21-23, 2022, Mr. Rice had a suspected infection due to an elevated white blood cell count, but it does not appear that any orders were entered to treat the infection at that time.

28. On July 25, 2022, Mr. Rice rated his pain at a 10/10. He now had a new open pressure injury to his sacrum.

29. On July 26, 2022, Mr. Rice continued to complain about pain all over his body.

30. On July 27, 2022, Mr. Rice underwent a bedside sharp debridement. Mr. Rice's white blood cell count was still elevated.

31. On July 28, 2022, Mr. Rice was finally transferred to the hospital for the suspected infection, and he was admitted to University of Arkansas for Medical Sciences (UAMS).

32. At the time of transfer, there was already a concern for osteomyelitis due to the open sacral and gluteal fold wounds.

33. Upon admission to UAMS, Mr. Rice complained about pain to his buttocks.

34. On July 29, 2022, a CT showed an abscess in the right gluteal region that extended to the tip of the ischium. While there were no specific findings on the CT for osteomyelitis, it was "likely given the extent of superficial abscess."

35. On July 29, 2022, Mr. Rice was seen by a wound care nurse, who noted that he had a Stage II pressure injury to his sacrum and Stage IV 3 x 5 x 2 cm right ischium pressure injury.

36. On July 29, 2022, General Surgery was consulted for the wound and documented that Mr. Rice had pain at the wound sites. They planned to take him to the operating room for an irrigation and debridement of the right ischial pressure injury.

37. On July 29, 2022, Plastic Surgery was also consulted for a diverting ostomy and flap procedure.

38. On July 29, 2022, Mr. Rice's daughter again expressed that she did not want Mr. Rice to return to The Blossoms and wanted him to "go somewhere that will treat him right."

39. On July 30, 2022, Mr. Rice underwent a surgical debridement and irrigation of the wound.

40. On August 1, 2022, Mr. Rice underwent a laparoscopic colostomy procedure.

41. On August 2, 2022, Mr. Rice was diagnosed with severe protein-calorie malnutrition.

42. Mr. Rice received IV vancomycin for the ischial wound infection.

43. On August 8, 2022, Mr. Rice underwent another surgical irrigation and debridement procedure, and he also received a skin flap over the ischial wound.

45. On August 12, 2022, Mr. Rice was transferred to The Springs of John Barrow Health and Rehabilitation.

46. On August 19, 2022, as a result of complications with the colostomy bag, Mr. Rice had to be transferred from The Springs to the UAMS emergency department for manual disimpaction.

47. He returned to The Springs on the same day.

48. On September 2 and 15, 2022, Mr. Rice was treated by the UAMS Infections Disease Clinic for follow up care related to the ischial wound.

49. On September 8 and October 4, 2022, Mr. Rice had a telemedicine appointment with the Plastic Surgery Clinic at UAMS for follow up care on his skin flap.

50. On October 26, 2022, Mr. Rice was treated at UAMS to have his PICC line removed, which was required as a result of his infected ischial wound.

## III.

## CAUSE OF ACTION

51. The principals, owners, shareholders, members, managers, employees, nurses, aides, orderlies, physicians, medical directors, nurse practitioners, servants, agents and/or contractors of Defendant failed to exercise the reasonable degree of care, diligence, and skill ordinarily employed by principals, owners, shareholders, members, managers, employees, nurses, aides, orderlies, physicians, medical directors, nurse practitioners, servants, agents and/or contractors of nursing homes in this and similar localities under the same or similar circumstances. Said deviations from the recognized standard of acceptable professional practice for nursing homes in this and similar communities caused injury to Mr. Rice, including, but not limited to, a large ischial pressure injury, unnecessary pain and suffering, emotional distress, infections, and significant medical treatment.

52. The Blossoms, by and through its agents, owed a duty to its residents, including Mr. Rice, and it was negligent in its care, treatment, maintenance of medical records, and services to Mr. Rice.

53. Defendant, directly and through its principals, owners, shareholders, members, managers, employees, nurses, aides, orderlies, physicians, medical directors, nurse practitioners, servants, agents and/or contractors, breached the duty of care owed to its residents, including Mr.

Rice, and was negligent in its care and treatment of Mr. Rice. Defendant's negligent acts and omissions include, but are not limited to, the following:

    a. Failing to provide Mr. Rice with basic, appropriate, and necessary care, attention, and supervision;

    b. Failing to properly and adequately assess and monitor Mr. Rice for the development and prevention of skin breakdown;

    c. Failing to regularly turn/reposition Mr. Rice to prevent skin breakdown and pressure wounds;

    d. Failing to take appropriate intervention to prevent the development and progression of skin breakdown;

    e. Failing to timely and adequately provide devices and implement measures to prevent the development and progression of skin breakdown;

    f. Failing to adequately and properly document Mr. Rice's signs, symptoms, care, and treatment in the medical chart;

    g. Failing to assure that Mr. Rice received adequate skin care so as to prevent the formation of significant pressure ulcers, lesions, wounds, and sores on his body;

    h. Failing to provide and assure that Mr. Rice received adequate observation and examination for skin breaks and pressure ulcers;

    i. Failing to timely and adequately intervene and prevent the formation of ulcerated, infiltrated, festering, and necrotic sores and lesions on Mr. Rice's body;

    j. Failing to timely intervene and take necessary and appropriate steps to prevent the further development of pressure sores, wounds, and decubitus ulcers once Mr. Rice exhibited skin breakdown;

    k. Failing to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Mr. Rice;

    l. Failing to properly treat and care for the wounds that developed on Mr. Rice's body;

    m. Failing to timely report changes in Mr. Rice's medical condition to the appropriate medical personnel;

    n. Failing to work as a medical team to prevent Mr. Rice's skin breakdown and properly treat his wounds once they developed;

o. Failing to timely discover and address Mr. Rice's skin breakdown;

p. In failing to timely and properly report changes in Mr. Rice's skin condition;

q. Failing to properly and adequately clean Mr. Rice's wound to prevent infection;

r. Failing to timely and properly treat Mr. Rice's medical condition including, but not limited to, his malnourishment, skin breakdown, infection, and sepsis;

s. In failing to properly and adequately assess and monitor Mr. Rice's nutrition and hydration levels;

t. In failing to properly and adequately assess, monitor, and document Mr. Rice's fluid and meal intake;

u. In failing to take appropriate intervention to prevent Mr. Rice from becoming malnourished, dehydrated, infected, and septic;

v. In failing to give or order appropriate nutritional supplements to keep Mr. Rice from becoming malnourished and dehydrated;

w. In failing to timely notify Mr. Rice's treating physician or the appropriate medical personnel of his changes in state and condition;

x. In failing to timely notify Mr. Rice's family of his changes in state and condition;

y. In failing to make sure Mr. Rice was properly hydrated and nourished;

z. In failing to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Mr. Rice;

aa. Failing to exercise reasonable and ordinary care under the circumstances;

bb. Failing to protect Mr. Rice from abuse and neglect;

cc. Failing to adequately hire, train, supervise, and retain a sufficient number of competent and qualified registered nurses, licensed vocational nurses, nurse assistants, aides, and other personnel to assure that Mr. Rice received care, treatment, and services in accordance with applicable state and federal laws; and

dd. Such other negligent acts and omissions as may be shown at trial.

That each of the above said acts of medical negligence directly and proximately caused injury to Mr. Rice.

54. Defendant's failure to provide Mr. Rice with proper treatment and care, as set forth above, constituted deviations from the acceptable standard of professional practice for nursing homes operating in Little Rock, Arkansas and/or similar communities. As a result of Defendant's negligence, Plaintiff is entitled to recover for all of the damages allowed under Arkansas Law.

55. Defendant's conscious disregard of Mr. Rice's health, including, but not limited to, ignoring his skin integrity to such an extent that his wound deteriorated and became infected, amounted to a reckless, conscious disregard of a substantial and unjustifiable risk of the likelihood of serious injury and infection. Such disregard constituted a reckless, gross deviation from the standard of care that ordinary and reasonable nursing homes would have exercised under the same or similar circumstance. As a result, Plaintiff is entitled to an award of punitive damages, which will effectively serve the twin purposes of punishment and deterrence.

## IV.

## DAMAGES

56. Plaintiff is entitled to damages as a result of the medical negligence of Defendant.

57. As a direct and proximate result of the negligence of Defendant, Mr. Rice suffered harm, including but not limited to, the following:

   a.  physical pain and suffering;

   b.  emotional pain and suffering;

   c.  medical bills and expenses;

   d.  loss of enjoyment of life;

   e.  disfigurement;

   f.  post-judgment interest;

   g.  punitive damages; and

    h.    All other harm recognized under Arkansas law.

    58.    Plaintiff is entitled to recover any and all damages recoverable under Arkansas law.

    59.    Plaintiff specifically reserves the right to plead further in this cause as additional facts and circumstances may warrant.

V.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

    1.    For summons to issue requiring Defendant to answer within the time required by law;

    2.    For the facts to be tried to a jury;

    3.    For Plaintiff to be awarded compensatory and punitive damages in an amount to be determined by a jury and within the jurisdictional limits of the Circuit Court of Pulaski County;

    4.    For Plaintiff to be awarded all damages recoverable under Arkansas law;

    5.    For Plaintiff to be awarded pre-judgment and post-judgment interest, as well as discretionary costs and other relief to which she may be entitled; and

    6.    For any further and general relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS THAT THIS CASE BE TRIED BY A JURY AS TO ALL ISSUES.**

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

_____
Charles Silvestri Higgins (AR #2023086)
130 North Court Avenue
Memphis, Tennessee 38103
Phone: (901) 524-5000
Fax: (901) 524-5024
chiggins@bpjlaw.com

*Attorney for Plaintiff*